[294] SHADRACH CAYCE, ADM'R OF D. D. BAKER, DECEASED, vs. IRA R. LEWIS — Appeal from Matagorda County.

Before the passage of the act of limitations on the 5th of February, 1841, ten years was the term of prescription.

Where a note, due more than five and less than ten years before the date of the said act, was sued upon within one year after the passage of the same: *Held,* that the action was not barred.

This suit was brought on two notes of hand given by Lewis, the defendant below, in New Orleans: the first dated the 3d day of April, 1830, for two thousand six hundred and forty-six dollars, payable two years after date; the second dated the 23d of January, 1830, for two hundred and ninety dollars, payable on demand.

The defense relied on was prescription. The suit was brought to the October term, 1841. The time of filing the petition is not disclosed by the record. The statement of facts agreed on by the counsel for the parties in the court below presents the following, *i. e.:* "The administration of the estate of Baker in Cayce was proved. The notes sued on were proved. The smaller note was not relied on by the plaintiff. The civil code of Louisiana was proved, and admitted as evidence of the law of Louisiana. It was proved that defendant,

Ira R. Lewis, had been a resident citizen of Texas since eighteen hundred and thirty-five."

There was a verdict and judgment for the defendant.

*Webb, Denison* and *Gillespie*, for appellant.

*Harris* and *I. R. Lewis*, for appellee.

Mr. Justice LIPSCOMB, after stating the facts, delivered the opinion of the court.

This case was continued over from the last term of the [295] court, on the suggestion of counsel that by the Spanish law (Ordinance of Bilbao) a shorter time of prescription than ten years had been decreed. In the case of Gautier v. Franklin, 1 Tex. 732, it is ruled that ten years was the old prescription before the passage of the act of congress of 5th February, 1841. By the 8th section of that act it is provided " that on each and every claim for money, which has been due for more than five years and less than ten years, an action shall be commenced within one year from the passage of this act, and not thereafter." The first, or the largest note, comes under this section. It had been due more than five years, and less than ten years. It was therefore not barred by the old prescription, and the plaintiff had one year from the passage of the law, establishing a new prescription, to bring his suit. The suit was brought within the time. The debt was therefore not barred. The small note, it seems, was not relied on by the plaintiff. It was barred by the old prescription before the commencement of the suit. But as the verdict was contrary to the law and evidence as to the first note, the judgment is reversed and the cause remanded.

----

[296] CHARLES CARSON vs. STEPHEN D. RAINEY — Appeal from Bowie County.

Where a suit was brought on the 21st of December, 1844, upon two written obligations, which fell due on the 7th May, 1837, and 1st January, 1838, respectively: *Held*, that the action was barred under the rules and principles established in the case of Gautier v. Franklin, 1 Tex. 732.